subject matter. True, a secured or lien-holding creditor may be allowed to petition for adjudication against his debtor but only on condition of offering to surrender his security, while an unsecured creditor may proceed without any such condition to petition for adjudication and prove his debt.

It therefore seems evident to me that by the term "debts provable under act" congress meant debts unconditionally provable without any release or other preliminary action, either by the court or assignee, being necessary. Any other construction would make it practically impossible to put a very large proportion of debtors into bankruptcy, as it would leave unsecured creditors entirely at the mercy of those who had, by their diligence or otherwise, obtained security. A case may be readily supposed where a debtor has given enough of his creditors security under such circumstances as to amount to a fraudulent preference, to break the statutory quorum of one-fourth in number and one-third in amount of all his debts, and thereby prevent proceedings in bankruptcy from ever being maintained. A debtor might fully secure three fourths in number of his creditors holding two-thirds in amount of his debts in defiance of all the provisions of the bankrupt law for the prevention of fraud, and yet be secure from bankruptcy proceedings if secured creditors who, so far as known to the court, insist upon their security, are to be counted for the purpose of determining the requisite number of petitioning creditors.

As this petition, therefore, is signed by more than a fourth of the unsecured creditors of the debtor, whose claims in the aggregate amount to more than one third of the debts unconditionally provable against the respondent's estate in bankruptcy, I find upon the admitted facts in this case that the requisite number of creditors have joined in this petition.

I have not felt called upon to consider and determine the position occupied by those creditors who have entered judgment by confession since this petition was filed, as more than a fourth of the unsecured creditors, counting those judgment creditors as unsecured, have joined in this petition. The respondent is still at liberty to deny the acts of bankruptcy alleged in the petition, as this decision only determines that enough creditors have petitioned to put respondent on his defense upon the merits.

## Case No. 5,135.

### In re FROST et al.

[3 N. B. R. 736 (Quarto. 180).] [1]

District Court, E. D. Michigan. May 12, 1870.

Before Hovey K. Clarke, Register in Bankruptcy.

[1] [Reprinted by permission.]

**Case No. 5,136.**

FROST v. UNION PAC. R. CO.

**Case No. 5,137.**

FROST v. UNITED STATES.

**Case No. 5,138.**

FRY v. COOK et al.

[See 14 Fed. 424.]

**Case No. 5,139.**

FRY v. GRIGG.

[1 Wkly. Notes Cas. 73.]

Circuit Court, E. D. Pennsylvania. Nov. 11, 1874.

LONGYEAR, District Judge. I fully concur in and approve of the foregoing views and conclusions of the register.